IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY AYERS, KENNETH AYERS,
DYER BENNETT,
ESTATE OF JAMES V. BENNETT,
KENNETH BENNETT,
ESTATE OF ROMMIE BENNETT,
DAVID BERTELLI, JOSEPH BERTELLI,
RONALD B. BOSLEY, RICHARD L. HARRIS,
CECIL ISNER, DON R. JOHNSON, JR.,
LEONARD KERNS, GAILORD KITTLE,
DENNIS E. LAMBERT, FREDDY H. LOUK,
WILLIAM McCALLISTER, DON McCAULLEY,
THOMAS ROWE, II, GARY ROY, RANDY RUSH,
LEWIS, L. SCHEITLIN, JAMES SHAFFER,
ESTATE OF MORRIS SHANNON,
DELMAS SHARP, DONALD H. SHAW,
VERL SIMMONS, LEWIS SUMMERFIELD,
GEORGE K. SWECKER, IRA TAYLOR,
ROBERT TETER, WILLIAM VALENTINE,
DELBERT VANDEVANDER, STEPHEN WARNER
and THE ESTATE OF WALTER YANOSIK,

      Plaintiffs,

v.                         Civil Action No. 5:05CV95
                                      (STAMP)

CONTINENTAL CASUALTY COMPANY
trading as CNA and
ALLEGHENY INSURANCE COMPANY, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND AND
## GRANTING DEFENDANT ALLEGHENY INSURANCE COMPANY'S
## MOTION TO DISMISS

### I.  Procedural History

Plaintiffs commenced this action by filing a complaint in the Circuit Court of Ohio County, West Virginia, on April 11, 2005, against the defendants, Continental Casualty Company ("CCC"), an Illinois corporation with its principal place of business in

Illinois, and Allegheny Insurance Company, Inc. ("Allegheny"), a West Virginia corporation. On July 13, 2005, CCC removed the action to this Court pursuant to 28 U.S.C. § 1441, on the grounds that complete diversity exists and the amount in controversy exceeds $75,000.00. In its removal, defendant CCC alleges that complete diversity exists because Allegheny was fraudulently joined.

On August 12, 2005, plaintiffs filed a motion to remand asserting that the notice of removal was improper because no diversity of jurisdiction exists. Defendant CCC responded in opposition on August 19, 2005. Plaintiffs have not replied. On July 14, 2005, defendant Allegheny filed a motion to dismiss. Plaintiffs then filed a response to the motion to dismiss, and the defendant Allegheny filed a reply.

Now before the Court are plaintiffs' motion to remand and defendant Allegheny's motion to dismiss. Upon consideration of the parties' memoranda and the applicable law, this Court finds that the plaintiffs' motion to remand should be denied and defendant Allegheny's motion to dismiss should be granted.

## II. <u>Facts</u>

This action stems from litigation initiated by the plaintiffs in Circuit Court of Ohio County, West Virginia. The complaint in the underlying action asserted claims against Valley Supply Company for allegedly exposing the plaintiffs to asbestos fibers. At the

time of these events, Valley Supply Company was insured by Continental Casualty Company.  The underlying suit proceeded to trial and a verdict was rendered.  The complaint alleges that the verdict was "approximately 7.2 million dollars."  (Compl. ¶ 13.)

On April 11, 2005, plaintiffs filed a complaint alleging that defendants, Allegheny and CCC, violated the West Virginia Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33-11-4(9), in connection with the underlying suit discussed above.  Specifically, plaintiffs assert that Allegheny provided "false, deceptive and misleading information related to the amount of coverage available to Plaintiffs . . . ."  (Compl. ¶ 8.)  Plaintiffs also assert that Allegheny's conduct constitutes a general business practice.  (Compl. ¶ 9.)  Valley Supply Company was insured by CCC and CCC obtained the insurance through Allegheny.

Plaintiffs allege that Allegheny "proximately" contributed to plaintiffs damages.  Plaintiffs seek compensatory damages, punitive damages, and attorney's fees and costs.

### III.  Applicable Law

#### A.  Motion to Remand

Title 28, United States Code, Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.  Moreover, 28 U.S.C. § 1441(b) states in pertinent part that actions "shall be removable only if none of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought."

It should also be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Thus, in diversity cases, the burden of negating the possibility that diversity of citizenship does not exist lies with the party seeking to invoke removal jurisdiction. See McGovern v. American Airlines, 511 F.3d 653, 654 (5th Cir. 1975). If a party challenges the allegation of jurisdictional facts, the party invoking diversity jurisdiction has the burden of supporting its allegations with competent proof. Thomson v. Gaskill, 315 U.S. 442 (1942). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See Mulcahey, 29 F.3d at 151.

B.    Motion to Dismiss

Defendant Allegheny moves this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under this Rule, a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under

4

any state of facts which could be proven in support of its claim.'"
Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th
Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883
F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of
a motion under Rule 12(b)(6) is to test the formal sufficiency of
the statement of the claim for relief; it is not a procedure for
resolving a contest about the facts or the merits of the case.  5A
Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1356, at 294 (2d ed. 1990).  The Rule 12(b)(6) motion
also must be distinguished from a motion for summary judgment under
Federal Rule of Civil Procedure 56, which goes to the merits of the
claim and is designed to test whether there is a genuine issue of
material fact.  Id. § 1356, at 298.  For purposes of the motion to
dismiss, the complaint is construed in the light most favorable to
the party making the claim and essentially the court's inquiry is
directed to whether the allegations constitute a statement of a
claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357, at
304, 310.

A motion to dismiss for failure to state a claim under Rule
12(b)(6) should be granted only in very limited circumstances.
Rogers, 883 F.2d at 325.  A dismissal under Rule 12(b)(6) is
granted only in cases in which the allegations raised in the
complaint clearly demonstrate that plaintiff does not have a claim

and that no set of facts would support plaintiff's claim.  5A
Wright & Miller, <u>supra</u> § 1357, at 344-45.

Finally, "[a] district court's dismissal under Rule 12(b)(6)
is, of course, with prejudice unless it specifically orders
dismissal without prejudice.  That determination is within the
district court's discretion."  <u>Carter v. Norfolk Community Hosp.
Ass'n</u>, 761 F.2d 970, 974 (4th Cir. 1985).

C.    <u>Fraudulent Joinder</u>

The doctrine of fraudulent joinder is applicable where an in-
state party is named as a co-defendant, but there is "<u>no
possibility</u> that the plaintiff would be able to establish a cause
of action against the in-state defendant in state court; or that
there has been outright fraud in the plaintiff's pleading of
jurisdictional facts."  <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d
229, 232 (4th Cir. 1993)(emphasis in original)(quoting <u>B., Inc. v.
Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981)).  Proving
fraudulent joinder poses a significant burden for the defendant.
<u>See</u> <u>Hartley v. CSX Transp. Inc.</u>, 187 F.3d 422, 424 (4th Cir.
1999)(fraudulent joinder standard is even more favorable to the
plaintiff than the standard for ruling on a motion to dismiss under
Fed. R. Civ. P. 12(b)(6)).

Accordingly, "[t]he defendant must show that the plaintiff
cannot establish a claim against the nondiverse defendant even
after resolving all issues of fact and law in the plaintiff's

favor." Id. at 232-233 (citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)). Further, "in order to determine whether an attempt at joinder is fraudulent, this court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990)(quoting Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

## IV. Discussion

In deciding the present case, this Court must determine if the plaintiffs fraudulently joined Allegheny as a defendant in this action. A defendant is fraudulently joined if a court finds that either "no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." AIDS Counseling and Testing Centers v. Group W. Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990). If Allegheny was fraudulently joined to the claim, then total diversity of citizenship exists between the parties, and this Court has jurisdiction. Accordingly, the case could not be remanded to state court. Alternatively, if Allegheny was not fraudulently joined as a defendant, the case must be remanded to state court. This Court will not find that Allegheny was fraudulently joined if there is "clear and convincing evidence" of "a real possibility that the plaintiff has stated a cause of action" against Allegheny "after resolving all issues of fact and

7

law in their [plaintiffs'] favor." Hartley v. CSX Transp., Inc.,
187 F.3d 422, 424 (4th Cir. 1999)(quoting Marshall v. Manville
Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

The plaintiffs contend in their motion to remand that
defendant CCC improperly removed this case. While it is undisputed
that the amount in controversy requirement has been met, plaintiffs
argue that there is no diversity of citizenship to support removal
to federal court. Specifically, plaintiffs assert that Allegheny
was not fraudulently joined to defeat diversity of citizenship.

The defendant CCC argues that Allegheny was fraudulently
joined for two reasons: (1) plaintiffs have failed to allege with
particularity, pursuant to Federal Rule of Civil Procedure 9(b),
any facts to support their claim of misrepresentation by Allegheny
and (2) the unrebutted evidence proves that Allegheny was not
involved in the adjustment or settlement of plaintiffs' claims
against Valley Supply Company. This Court finds that plaintiffs'
motion to remand should be denied and defendant Allegheny's motion
to dismiss should be granted.

A.   Motion to Remand

The defendant CCC argues that jurisdiction in this Court is
proper because Allegheny, a West Virginia corporation, was
fraudulently joined to this action in order to defeat diversity,
and no viable claim against this defendant exists. As discussed
below, this Court finds that defendant Allegheny was fraudulently

joined.   There is no need for further discussion regarding plaintiffs' motion to remand.   This Court finds that plaintiffs' motion to remand must be denied.

B.   Motion to Dismiss

West Virginia Code § 33-11-1, et seq. provides a cause of action for unfair trade practices.   Plaintiffs aver that there is evidentiary support that Allegheny violated the following subsection of the act found at West Virginia Code § 33-11-4(9) and labeled under the heading "Unfair Claim Settlement Practices:" stating that "[n]o person shall . . . [m]isrepresent [sic] pertinent facts or insurance policy provisions relating to coverages at issue."   W. Va. Code § 33-11-4(9)(a).

1.   Heightened Pleading

Federal Rule of Civil Procedure 9(b) provides in pertinent part that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."   Courts have interpreted this rule to hold that a "plaintiff alleging fraud must make particular allegations of the time, place speaker, and contents of the allegedly false acts or statements."   Adams v. NVR Homes, Inc., 193 F.R.D. 243, 249-50 (2000).

Defendant CCC challenges the sufficiency of the plaintiffs' pleading, alleging that the heightened requirements of Federal Rule of Civil Procedure 9(b) apply to the plaintiffs' claim under the

Unfair Trade Practices Act.  Defendant CCC asserts that Rule 9(b)
of the Federal Rules of Civil Procedure requires a heightened
pleading in "all averments of fraud . . . ." and the UTPA is a
claim of fraud.  Fed. R. Civ. P. 9(b).

In their motion for remand, plaintiffs contend that their
cause of action against defendant Allegheny is based upon the UTPA,
West Virginia Code § 33-11-1, <u>et seq.</u>  Plaintiffs assert that
claiming a violation of the UTPA is not the same as asserting a
claim of fraud.  Plaintiffs state that they are able to "select
which theory or theories they intend to assert against defendant
Allegheny, and they elected to proceed under the UTPA rather than
utilizing the tort of fraud."   (Pls.' Mot. Remand at 6.)
Plaintiffs further assert that defendant CCC's reliance on <u>Garvin
v. Southern States Ins. Exch. Co.</u>, 329 F. Supp. 2d 756 (N.D. W. Va.
2004), is improper in this situation because the plaintiffs in
<u>Garvin</u> "had actually pled fraud in their complaint" and plaintiffs
in this case have pled a cause of action under the UTPA instead of
fraud. (Pls.' Mot. Remand at 6.)

This Court finds that the requirements of Rule 9(b) do not
apply to the UTPA.  <u>Zuleski v. Hartford Accident & Indemnity Co.</u>,
2005 WL 2739076 (S.D. W. Va. 2005).   "The fact that a claim
includes an element of misrepresentation does not necessarily
convert it to a fraud claim subject to the pleading requirements of
Rule 9(b)." <u>Id.</u>  This Court finds that the complaint complies with

the general pleading requirements under Federal Rule of Civil Procedure 8(a).

    2.   <u>Fraudulent Joinder</u>

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999)(quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. <u>See</u> <u>Marshall</u>, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." <u>Id.</u> at 232-233 (citations omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." <u>Hartley</u>, 187 F.3d at 426.

In its response to plaintiffs' motion to remand, defendant CCC argues that Allegheny has been fraudulently joined, and therefore, this Court should dismiss Allegheny and retain jurisdiction over this action pursuant to its diversity jurisdiction. In its motion to dismiss, Allegheny also argues that is has been fraudulently

joined and should be dismissed from the complaint. Allegheny and CCC argue that plaintiffs' only assertion is that Allegheny provided information regarding insurance coverage availability in the underlying case. Both defendants argue that the plaintiffs have not shown sufficient evidence that Allegheny misrepresented any information or that plaintiffs were harmed by the alleged misrepresentation by Allegheny.

The plaintiffs allege that Allegheny is an agent or broker within the meaning of the Code. As an agent of CCC, the plaintiffs assert that Allegheny provided "false, deceptive and misleading information related to the amount of coverage available to [p]laintiffs, all in an effort to deprive [p]laintiffs of the appropriate amount of insurance coverage." (Compl. ¶ 8.) Plaintiffs also allege that Allegheny's conduct constitutes a general business practice that proximately contributed to plaintiffs' damages and is liable for these damages under the UTPA. (Compl. ¶ 9-10.)

a. <u>Agent</u>

All of the plaintiffs' allegations against Allegheny are related to the claim of fraud under the UTPA, West Virginia Code § 33-11-4(9). The UTPA applies to those "persons or entities and their agents who are engaged in the business of insurance." <u>Hawkins v. Ford Motor Co.</u>, 566 S.E.2d 624, 625, syl. pt. 2 (W. Va. 2002). The statute defines a person as "any individual, company,

insurer, association, organization, society, reciprocal, business trust, corporation, or any other legal entity including agents and brokers."  W. Va. Code § 33-11-2(a)(2005).

Defendant Allegheny is Allegheny Insurance Services, not Allegheny Insurance Company.  Allegheny is an independent insurance agency.  Its purpose is "to sell insurance policies to insurance consumers and not to adjust or settle claims."  (Def.'s Mot. Dismiss at 4-5.)  Allegheny has not adjusted, settled or controlled insurance claims on behalf of CCC or any other insurance company. (Wallace Aff. ¶ 4.)  To date, plaintiffs have not refuted the information provided in Mr. Wallace's affidavit.  As discussed in more detail below, this Court finds that Allegheny is not an agent liable to the plaintiffs' under the UTPA.

### b.    False and Misleading Information

West Virginia Code § 33-11-4(9)(a) states that no person shall misrepresent "pertinent facts or insurance policy provisions relating to coverages at issue."  Plaintiffs argue that Allegheny directly provided them with "false, deceptive and misleading" information relating to the policy.

In this case, Allegheny supplied the insurance policy to CCC and CCC insured Valley Supply Company.  Plaintiffs brought an action against Valley Supply Company, who was insured by CCC. Allegheny argues that it did not adjust or settle any of plaintiffs' claims nor has Allegheny ever had any contact with the

13

plaintiffs. The plaintiffs argue that "Allegheny did in fact produce information to plaintiffs, upon which they relied." (Pls.' Resp. at 4.)

The plaintiffs state that, in a response to the request for production of documents in the underlying action, Valley Supply Company filed a chart with insurance policies and this chart contained the fax number of Allegheny Insurance Services. This Court finds that some of the documents described above have a fax number in the right hand corner and others do not. The fax number is hard to decipher on the documents. For purposes of this argument, this Court will accept that the three charts regarding insurance liability were faxed from Allegheny's office to Valley Supply Company. There is no evidence that Allegheny faxed any information to the plaintiffs. The charts submitted by the plaintiffs, without more, do not provide them with a cause of action against Allegheny under the UTPA.

This Court cannot find any direct communications between Allegheny and the plaintiffs, nor do the plaintiffs offer any proof of any direct communication. Absent any communication between Allegheny and the plaintiffs, Allegheny could not have directly provided the plaintiffs with "false, deceptive and misleading" information relating to the policy. Plaintiffs do not provide evidence to the contrary. Accordingly, this Court finds that

Allegheny did not provide false and misleading insurance information to the plaintiffs.

c.   Duty to Defend

In West Virginia, an insurer has a duty to defend its insured. West Virginia Code State Regulation, title 114 series 14, establishes minimum standards of settlement for first-party and third-party insurance claims.  The violation of the standards set forth state that "no person shall knowingly fail to fully disclose to first-party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented."  Bad faith in failure to pay or delay in paying insured's claim can render it liable to a third-party claimant.  Accordingly, under subdivision 9 of the Act, a private cause of action exists for both first-party and third-party claimants.  Maher v. Continental Cas. Co., 76 F.3d 535 (4th Cir. 1996).

In the present case, the plaintiffs brought an underlying action against Valley Supply.  Valley Supply, the first-party claimant, was insured by CCC.  The plaintiffs can and have brought an action against CCC for third-party bad faith claims.

This Court finds that defendant Allegheny is not an excess or secondary carrier to Valley Supply, as to make them liable to the plaintiffs.  Since CCC insured Valley Supply then CCC can be liable for third-party bad faith claims, under the UTPA.  On the other

hand, Allegheny did not insure Valley Supply.  Thus, the plaintiffs could not be third-party claimants in a suit for bad faith claims against Allegheny.  Accordingly, this Court finds that the plaintiffs do not have a cause of action against Allegheny.

## V.  Conclusion

For the reasons stated above, this Court finds that defendant Allegheny Insurance Company, Inc. was fraudulently joined, and therefore, must be DISMISSED from the above-styled action. Consequently, this Court finds it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, the plaintiffs' motion to remand is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    February 2, 2006


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE