IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JERRY AYERS, et al.,

                    Plaintiffs,

v.                                                    Civil Action: 5:05-CV-95

CONTINENTAL CASUALTY COMPANY,
trading as CNA,

                    Defendant.


**MEMORANDUM, OPINION, and ORDER DENYING PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER AND GRANTING DEFENDANT'S MOTION TO COMPEL
INTERROGATORY RESPONSES**

On October 24, 2006 came the above named Plaintiffs, by Paul Harris, John Wallace, IV,

and Joseph Wallace, in person, and the above named Defendant, by John Moustakas, Mary

Kostel, and Larry Blalock, in person, for Plaintiffs' Motion for a Protective Order and

Defendant's Motion to Compel Interrogatory Responses.  Testimony was taken from attorneys

Paul Harris and Mary Kostel.


I. Introduction

A.       Background

       This case concerns alleged violations of the West Virginia Unfair Trade Practices Act by

Defendant in previous litigation between the parties.  The parties engaged in discovery and a

dispute arose.  Plaintiffs filed a Motion for Protective Order on September 11, 2006.  Defendant

filed a brief in opposition on September 25, 2006.  On September 28, 2006, Defendant filed a

Motion to Compel Interrogatory Responses.  Plaintiffs filed a Response on October 12, 2006.

Defendants filed a Reply on October 23, 2006. This Court held an evidentiary hearing regarding both motions on October 24, 2006.

B.    The Motions

Plaintiff's Motion for Protective Order.[1]

Defendants' Motion to Compel Interrogatory Responses.[2]

C.    Decision

Plaintiffs' Motion for a Protective Order is DENIED. Plaintiffs' Motion is untimely and even if it were not, Plaintiffs have waived any right to object to Defendant's interrogatories by failing to make timely objections. This includes objections based upon privilege. Defendant's Motion to Compel Interrogatory Responses is GRANTED. Plaintiffs shall respond as directed in this opinion within fourteen days of the date of this Order.

## II. Facts

1.    Plaintiff originally filed this action in the Circuit Court of Ohio County, West Virginia. Plaintiff served interrogatories and requests for productions with the complaint.

2.    Defendant served interrogatories and requests for production of documents on Plaintiff on January 11, 2006. The parties eventually reached an agreement that Plaintiff would answer Defendant's interrogatories by June 30, 2006. Plaintiff requested an extension until July 14, 2006, and Defendant agreed. Plaintiff responded to the interrogatories on July 14, 2006.

---

[1] Docket No. 54

[2] Docket No. 58

3.  Defense counsel wrote to Plaintiffs' counsel on August 1, 2006, describing alleged deficiencies in Plaintiffs' interrogatory responses. The letter stated an intention by defense counsel to call Plaintiff's counsel on August 9, 2006, to discuss the alleged deficiencies. The letter said defense counsel would assume that time was convenient for discussion unless they heard otherwise. Plaintiffs' counsel did not participate in the August 9 conference.

4.  Defense counsel sent Plaintiff's counsel another letter on August 15, 2006. The letter indicated that because defense counsel had not heard from Plaintiffs' counsel, defense counsel assumed Plaintiff's counsel was working to correct the alleged discovery deficiencies. It also stated that if defense counsel did not hear from Plaintiffs' counsel by August 31, 2006, they would assume Plaintiffs' counsel was refusing to meet and confer to discuss Defendant's discovery requests and would consider other options to pursue their client's interests.

5.  Plaintiffs' counsel replied to defense counsel's correspondence on August 16, 2006. Plaintiffs' counsel stated they had received defense counsel's August 1 and August 15 correspondence and would try to provide a more complete response to the discovery requests.

6.  Counsel for both sides conferred by telephone on August 28, 2006. Plaintiffs' counsel raised the issue that it believed the number of interrogatories defense counsel had submitted was excessive.

7.  Plaintiffs' counsel delivered supplemental interrogatory responses to defense counsel on August 31, 2006. Defense counsel found the supplemented responses unacceptable.

They wrote to Plaintiffs' counsel on September 7, 2006, to explain their position.

Plaintiff's counsel called defense counsel on September 11, 2006, to further discuss this

discovery dispute. The discussion did not produce a resolution.

8. Plaintiff filed the Motion for Protective Order on September 11, 2006.

9. Defendant filed its Motion to Compel Interrogatory Responses on September 28, 2006.

## III. The Motions

A. Contentions of the Parties

Plaintiffs ask this Court to grant a protective order pursuant to Federal Rule of Civil

Procedure 26(c). They raise four arguments in support of their Motion. Plaintiffs argue (1)

Defendant's interrogatories are too numerous, (2) Defendant has the records from which

discovery is sought, (3) Defendant is familiar with the relevant facts, and (4) Defendant has

waived its right to compel responses to the interrogatories. Defendant opposes the Motion.

Defendant contends (1) Plaintiffs have waived their right to move for a protective order by

failing to make timely objections to Defendant's interrogatories, (2) Plaintiffs failed to meet and

confer as required by the Federal and Local Rules before filing the Motion, and (3) none of

Plaintiffs' arguments have merit.

Defendant requests the Court grant its Motion to Compel. Defendant argues (1) Plaintiffs

have waived any objections to the interrogatories, (2) Plaintiffs' objections on grounds of

privilege lack merit, (3) contrary to Plaintiffs' arguments, the interrogatories do not exceed

numerical limits, (4) Plaintiffs' answers are inadequate, and (5) the Motion to Compel is timely.

Plaintiffs dispute the Motion to Compel by arguing (1) it is untimely, and (2) Defendant's

interrogatories exceed the permissible number under the Rules.

B.    The Standards

1.    Discovery - Scope.  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."  Fed. R. Civ. P. 26(b)(1).

2.    Discovery - Scope.  A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  In addition, "the discovery rules are given 'a broad and liberal treatment.'"  Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  However, the discovery sought must be relevant.  Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[3]

3.    Discovery - Relevancy.  A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed

---

[3] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions.  It recognizes the reasons for this and acknowledges them.

admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

   4. Discovery - Duty to Supplement. Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

   5. Discovery - Duty to Respond Fully and Completely - No Gamesmanship. Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Hansel v. Shell Oil Corporation, 169 F.R.D. 303, 305 (E.D. Pa. 1996). Gamesmanship to evade answering as required is not allowed. Id.

   6. Discovery - Interrogatories. Federal Rule of Civil Procedure 33 governs interrogatories. It states that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

7.  <u>Discovery - Objections to Interrogatories</u>.  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection.  <u>Momah v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).

8.  <u>Discovery - Motion for Protective Order</u>.  Pursuant to Federal Rule of Civil Procedure 26(c), a party called upon to answer discovery may move the Court for a protective order to avoid "annoyance, embarrassment, oppression, or undue burden or expense."  The moving party must certify he has attempted to resolve the dispute without judicial action.  <u>Id.</u>  If the Court finds the Motion meritorious, it may order that the party requesting discovery not have the material, have discovery only upon certain terms, have discovery by a different method, have discovery only upon limited matters, have discovery with only certain persons allowed to access the material, have a deposition opened only upon court order, not have a trade secret opened to the public, or that the parties file simultaneous discovery of specified material that only a court order will open.  <u>Id.</u>  The moving party bears the burden of showing good cause why the protective order should be granted.  <u>Lohrenz v. Donnelly</u>, 187 F.R.D. 1, 3 (D.D.C. 1999).

9.  <u>Discovery - Interrogatories - Motion to Compel</u>.  Motions to compel responses to interrogatories are governed by Federal Rule of Civil Procedure 37(a)(2)(B).  This Rule provides that if "a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer."  <u>Id.</u>

C.  <u>Discussion</u>

I.

The Motion for a Protective Order

The Court first addresses Plaintiffs' Motion for a Protective Order.  Plaintiffs ask the Court to grant the order to protect them from Defendant's continuing discovery requests. Defendants ask the Court to deny the order.  Each party has raised several arguments for or against the order, as noted above.

The Court first considers whether the Motion is timely.  Federal Rule of Civil Procedure 26(c) does not contain any explicit time limit for filing a motion for a protective order.  There are, however, implicit limitations providing a motion must be timely.  Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 413 (M.D.N.C. 1991).  Motions for a protective order must be made before or on the date the discovery is due.  United States v. IBM Corp., 70 F.R.D. 700, 701 (S.D.N.Y. 1976).  A party's untimeliness may be excused if "there is no opportunity to move for a protective order."  Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 129 F.R.D. 483, 487 (D.N.J. 1990).

The instant Motion is clearly untimely under this standard.  Defendants served the interrogatories giving rise to this protective order on January 11, 2006.  By mutual agreement of the parties, Plaintiffs had until July 14, 2006, to answer.  Plaintiffs answered on that date.  For Plaintiffs' Motion to be timely, they had to file it by July 14.  IBM Corp., 70 F.R.D. at 701.  Yet rather than file this Motion, Plaintiffs simply answered the interrogatories.  They did not file this Motion until September 11, 2006–almost two months late.  Furthermore, Plaintiffs had ample opportunity to file this Motion before the deadline and so cannot claim an excuse for their tardiness.  Nestle Foods Corp., 129 F.R.D. at 487.  Plaintiffs could have filed this Motion any time in the six months between January 11 and July 14.  They did not do so and therefore the

8

Motion is untimely.

Even if this Motion were not untimely, it would still fail because Plaintiffs have waived their right to object to Defendant's interrogatories by not timely raising their objections. Federal Rule of Civil Procedure 33(b)(4) states that "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." "Both the language of Rule 33 and its promulgation history suggest that grounds for objection must be stated in a response filed within the period allowed for response, and that objections sought to be interposed later are waived unless the waiver is excused for good cause." Safeco Ins. Co. of Am. v. Rawstrom, 183 F.R.D. 668, 671 (C.D. Cal. 1998). Thus, the failure to raise an objection within the time period allowed by the Rules will result in waiver of the objection unless the party seeking to raise the objection can show good cause for the failure. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

In Antico v. Honda of Camden, 85 F.R.D. 34, 35 (E.D. Pa. 1979), the court confronted a situation where a party who was served with requests for production failed to timely respond, but untimely responded and moved for a protective order. The court concluded that "Although defendant's position, had it been asserted in a timely fashion, might well have proven meritorious, failure to object to a discovery request in a timely fashion constitutes a waiver of the objection." Id. Thus, the court denied the motion for a protective order. Id. at 36. Similarly, the court in Flood v. Margis, 64 F.R.D. 59, 61 (E.D. Wisc. 1974), found that where the party seeking the protective order did not make specific objections to interrogatories, but merely made a general request for a protective order, this was insufficient to grant the order.

The Court concludes Plaintiffs have waived their right to object to Defendant's interrogatories by failing make timely objections.  As mentioned above, Defendant served their interrogatories on Plaintiff on January 11, 2006.  A joint agreement of the parties allowed Plaintiffs until July 14, 2006, to respond.  Plaintiffs timely responded on that date.  In their answers, Plaintiffs made no objections whatsoever.  Therefore, unless the Plaintiffs can show good cause for the failure to raise the objections they now seek to assert as a basis for their protective order, the Motion must be denied.  <u>Safeco Ins. Co. of Am.</u>, 183 F.R.D. at 671; <u>Antico</u>, 85 F.R.D. at 35-36.  Plaintiffs have not made this showing.  Indeed, given that six months passed between when Defendant served its interrogatories and when Plaintiffs answered, it is difficult to see how it could.  Plaintiffs had more than enough time to think about their answers and objections.  Furthermore, even after Plaintiffs answered on July 14, another month and a half passed until they finally put the objections in writing in their supplemental answers of August 31.  Since Plaintiffs failed to assert timely objections to Defendant's interrogatories and have not shown good cause for this failure, they have waived their objections to the interrogatories.

The Court is aware that waiver regarding privilege is a different matter.  Plaintiffs asserted privilege in their supplemental answers to interrogatories two, three, and four.  Assertions of privilege are governed by Rule 26(b)(5).  That Rule provides that when a party refuses to answer an interrogatory on ground of privilege, he must "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).

There is a split of authority regarding whether claims of privilege not timely asserted are waived. Some courts hold the failure to timely assert the privilege results in waiver. See, e.g, Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005); United States v. 58.16 Acres of Land, 66 F.R.D. 570, 572 (E.D. Ill. 1975). Other courts find that an untimely assertion of privilege results in waiver only in some circumstances. See, e.g., Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005); Carlson v. Freightliner LLC, Inc., 226 F.R.D. 343, 363 (D. Neb. 2004); Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 662 (D. Colo. 2000). The Carlson court noted that "waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." Carlson, 226 F.R.D. at 363 (quoting United States v. Phillip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003)). The Hall court held that the party facing waiver should have to show good cause why waiver should not occur. Hall, 231 F.R.D. at 474. It suggested a six part test for evaluating the propriety of waiver:

> (1) the length of the delay . . . (2) the reason for the delay . . . (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the . . . request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

Id.

The Court declines to decide whether the failure to assert timely objections based on privilege should automatically waive the privilege, for it concludes that even under the test more friendly to Plaintiffs, any grounds of privilege have been waived. When Plaintiffs finally responded to the interrogatories and failed to state any grounds of privilege, they had been in possession of the interrogatories for over six months. That is certainly enough time to formulate

a privilege objection.[4]  Moreover, the delays continued well beyond the initial answers.  When Plaintiffs agreed to provide supplemental answers on August 16–over a month after their answers were served–they again made no claim of privilege.  Only on August 31 did Plaintiffs finally put their privilege objections in writing.  This was a month and a half after the initial answers and seven and a half months after Plaintiffs received the interrogatories.  The Court is aware of no good cause to excuse this delay.  Indeed, that Plaintiffs delayed so long in raising this issue results in waiver.

Since the Court concludes Plaintiff's Motion for a Protective Order is not timely and that Plaintiffs have waived their right to object to Defendant's interrogatories by failing to timely raise any objections, either one of which is sufficient to deny the Motion, the Court declines to consider the other arguments raised by the parties.  Plaintiffs' Motion for a Protective Order is accordingly DENIED.

## II.

### The Motion to Compel

The Court next considers whether Defendant's Motion to Compel should be granted.  As noted above, the Court finds Plaintiffs have waived their right to object to Defendant's interrogatories by failing to raise timely objections.  This includes objections based on privilege.  Therefore, when considering Defendant's Motion to Compel, the Court will only consider whether the Motion is timely and whether Plaintiffs' answers are complete as already stated.

The first issue is whether Defendant's Motion is timely.  Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery.  Since the issue in this case concerns

---

[4] The Court recognizes the initial responses were timely by agreement of the parties and if Plaintiffs had raised a privilege objection in their answers it would have been timely.

interrogatories, the applicable rule is Rule 37(a)(2)(B).  The Rule permits a party to seek a motion to compel after it submits interrogatories under Rule 33 and the receiving party "fails to answer."  Id.  In that case, "the discovering party may move for an order compelling an answer."  Id.  While Rule 37 does not contain any time limit for filing motions to compel, the applicable Local Rules do.  Local Rule 37.02 states that

> A motion to compel, or other motion in aid of discovery, is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party.  In any event, the moving party must show good cause to delay the trial or modify the scheduling order.

Hence, the Local Rule specifies that a motion to compel must be filed within thirty days after the requested discovery is due.  Id.  If the requesting party does not file the motion until after that time, the party has waived his right to any material he may have obtained from the request, unless it can show good cause for the delay.  Id.

Federal Rule 33(b)(3) provides that unless the court or parties specify otherwise, a party served with interrogatories must respond within thirty days.  If a party served with interrogatories does not respond by that time, the serving party must file a motion to compel within an additional thirty days (i.e., within 60 days from the initial service), or else waive his right to compel answers.[5]  L.R. Civ. P. 37.02.  The moving party may only avoid application of

---

[5] The Court notes the Federal Rules normally add three days to the time a party has to respond.  Rule 6(e) states that "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire."  Rule 5(b)(2)(B) speaks of mailing service and (D) speaks of service by any means other than hand delivery or leaving service with the clerk of the court if the person has "no known address."  Hence, when a party makes service by mail, fax, e-mail, etc., three days are added to the time the served party has to respond.

this Rule if he can demonstrate "excusable neglect" or "some action of the non-moving party" caused the failure to timely file the motion.  Id.

This Court has discretion to weigh the excuse offered by a party failing to timely file his motion to compel in order to avoid strict application of the Rule.  This discretion allows the Court to avoid what may constitute overly "technical" applications of the Rule.  Mordesovitch v. Westfield Ins. Co., 235 F. Supp. 2d 512, 518 (S.D. W. Va. 2002).  One example of a party having such a valid excuse came in Kidwiler v. Progressive Paloverde Insurance Co., 192 F.R.D. 193 (N.D. W. Va. 2000).  In that case, Judge Broadwater confronted a situation where the deadline for Plaintiff to file a motion to compel was October 24th, but counsel for Defendant sent Plaintiff's counsel a letter on October 19th indicating a response would soon come.  Id. at 198.  Plaintiff's counsel delayed filing the motion to compel until November 15th, obviously beyond the deadline imposed by the local rule.  Id.  Nevertheless, Judge Broadwater concluded the motion timely since Defendant's actions had been the cause of Plaintiff's delay.  Id.  Another example of a court waiving the timeliness requirement regarding a motion to compel is Doe v. National Hemophilia Foundation, 194 F.R.D. 516, 519-20 (D. Md. 2000).  In that case, the court denied an untimely motion to compel without prejudice and ordered the parties to resolve their differences where the plaintiff's requests were overly broad, the defendant raised general objections, the defendant and referred the plaintiff to a large document depository being used in other litigation.  Id.  Whatever the case, it is clear that a party filing an untimely motion must show excusable neglect or some other valid reason.

Defendant did not file its Motion to Compel within the formal deadline imposed by the Rules.  Plaintiffs filed their answers to Defendant's interrogatories on July 14, 2006.  Defendant

therefore had until August 16, 2006, to file its Motion to Compel.[6]  Yet it did not file it until

September 28, 2006.  Therefore, Defendant must show that the "failure to file the motion was

caused by excusable neglect or by some action of" Plaintiffs.  L.R. Civ. P. 37.02.

The events preceding the filing of the two motions at issue here may prove useful in

determining whether Defendant may present a valid excuse.  Defendant's counsel sent Plaintiffs'

counsel a letter on August 1, 2006, discussing alleged deficiencies in Plaintiffs' answers and

proposing a telephone conference on August 9.  The letter indicated a willingness to reschedule

the August 9 conference if the time was not convenient for Plaintiffs' counsel and invited

Plaintiffs' counsel to contact defense counsel to that end.  Plaintiffs' counsel did not respond to

the letter.  Plaintiffs' counsel also declined to participate in the August 9 telephone conference.

Defense counsel again wrote Plaintiffs' counsel on August 15.  The letter indicated a continuing

interest in meeting with Plaintiffs' counsel.  Plaintiffs' counsel finally replied on August 16.

They stated that they were "working toward providing a supplemental response."  Counsel for

both sides finally spoke over the telephone on August 28, 2006.  During that conversation,

Plaintiffs' counsel for the first time raised the possibility that they would object to some of the

interrogatories.  Plaintiffs' counsel finally delivered supplemental interrogatory answers on

August 31, 2006.  Defense counsel wrote to Plaintiffs' counsel regarding the supplemental

responses on September 7.  Defense counsel outlined alleged deficiencies in the supplemental

responses and lamented what it viewed as counsel's irresponsible behavior, saying "This is

precisely the litigation behavior we had agreed to avoid.  It does not bode well for the long road

---

[6] This date comes from adding thirty days to July 14, 2006, as provided in Rule 33(b)(3),
and an additional three days under Rule 6(e).  <u>See</u> note 4 for why three additional days are
added.

ahead that plaintiffs have already veered off course." Counsel spoke again on September 11, 2006. Plaintiffs filed their Motion for a Protective Order on that day. Defense counsel filed its Motion to Compel on September 28.

The Court concludes the foregoing events reveal Defendant's counsel had a valid excuse for not filing its Motion to Compel within the apparent deadline, thereby making its Motion timely. Defense counsel contacted Plaintiffs' counsel only sixteen days after they served their answers regarding the perceived deficiencies. Defense counsel asked Plaintiffs' counsel to discuss the matter on August 9 and invited them to suggest an alternative day. When Plaintiffs' counsel did not respond, defense counsel was justified in believing the August 9 conference would occur and not taking further action until it did not.[7]

Defense counsel continued to make efforts to contact Plaintiffs' counsel after the failed August 9 conference. When Plaintiffs' counsel finally responded on August 16 (still within the filing deadline for the Motion to Compel) and stated they were preparing supplemental responses, defense counsel prudently chose to await the additional responses. The serving party should not run to court when the answering party states it will prepare additional responses. The Federal Rules reflect this policy of asking counsel to resolve discovery disputes among themselves. Avent v. Solfaro, 210 F.R.D. 91, 95 (S.D.N.Y. 2002). When Plaintiff's counsel finally served their supplemental responses, defense counsel again quickly contacted them regarding the perceived problems. After Plaintiffs' counsel filed their Motion for a Protective

_____

[7] At oral argument, Plaintiffs' counsel testified he found the August 1 letter insulting for setting a meeting date without first discussing the time with him. The letter was simply a statement of alleged deficiencies in discovery responses and an invitation to discuss the matter in the hope of resolving it without court action. Defense counsel indicated a willingness to change the date if Plaintiffs' counsel found August 9 inconvenient. The Rules require and therefore the Court encourages such conferences.

Order on September 11, defense counsel needed time to prepare a response. Defense counsel filed its Motion on September 28, which appears to be a reasonable time after Plaintiffs' Motion was filed and Defendant served its response.

In short, the facts reveal a pattern of behavior by defense counsel in an effort to avoid bringing this matter before the Court. The Rules require and therefore the Court encourages such conduct. The delay in filing the Motion was due to negotiations with opposing counsel. Defense counsel should not be faulted for complying with the Rules. Therefore, the delay is excusable and the Motion to Compel is timely.

Finally, the Court will examine the sufficiency of Plaintiffs' answers and supplemental answers to the interrogatories. Defendant concedes that with the supplemental answers, Plaintiffs' answers to interrogatories one through seven are sufficient. Defendant only asks the Court to compel answers to interrogatories eight through fourteen. Defendant argues the answers are insufficient under Rule 33(d). Specifically, Defendant argues that Plaintiffs should not be allowed to refer to documents when the interrogatories deal with the factual bases of Plaintiffs' claims. In the alternative, Defendant contends Plaintiffs have not provided sufficient detail about the documents they refer Defendant to in order to allow Defendant to identify the documents.

Parties may serve interrogatories regarding the factual allegations made by their opponents. Cable & Computer Tech. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 652 (C.D. Cal. 1997). "An interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor. The defendant is entitled to know the factual basis of plaintiff's allegations and the documents which the plaintiff intends to use to support those allegations."

Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991)

(citations omitted).  Every factual allegation must have at least some minimal evidentiary

support prior to filing.  Morris v. Wachovia Secs., 448 F.3d 268, 277 (4th Cir. 2006) (stating that

"Factual allegations fail to satisfy Rule 11(b)(3) when 'unsupported by *any* information obtained

prior to filing'") (quoting Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991))

(emphasis in original).

Federal Rule of Civil Procedure 33(d) permits a party to answer an interrogatory by

reference to documents in certain circumstances.  The Rule provides that

> Where the answer to an interrogatory may be derived or ascertained from the
> business records of the party upon whom the interrogatory has been served or
> from an examination, audit or inspection of such business records, including a
> compilation, abstract or summary thereof, and the burden of deriving or
> ascertaining the answer is substantially the same for the party serving the
> interrogatory as for the party served, it is a sufficient answer to such interrogatory
> to specify the records from which the answer may be derived or ascertained and
> to afford to the party serving the interrogatory reasonable opportunity to examine,
> audit or inspect such records and to make copies, compilations, abstracts or
> summaries.  A specification shall be in sufficient detail to permit the interrogating
> party to locate and to identify, as readily as can the party served, the records from
> which the answer may be ascertained.

Fed. R. Civ. P. 33(d).  An interrogatory answer merely referencing documents is appropriate for

"requests requiring compilation or analysis, accomplished as easily by one party as another, or

where neither side has clear superiority of knowledge or familiarity with the documents."

United Oil Co. v. Parts Assocs., Inc., 227 F.R.D. 404, 419 (D. Md. 2005); see also United States

v. Rachel, 289 F. Supp. 2d 688, 693 (D. Md. 2003) (finding answers referencing documents

appropriate where the "interrogatories were extremely broadly worded") .  It is inappropriate

where the interrogatory calls for "the exercise of particular knowledge and judgment on the part

of the responding party."  United Oil Co., 227 F.R.D. at 419.  In that case, the served party must

fully answer the interrogatory.  Id. at 420.  Defendant is "entitled to know the factual content of plaintiff's claims with a reasonable degree of precision."  Martin v. Easton Publ'g. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980).

Where a party validly chooses to respond by referencing records, he may not simply state that he has already produced the information.  Herdlein Tech., Inc. v. Century Contractors, Inc., 147 F.R.D. 103, 105 (W.D.N.C. 1993).  Rather, he must "specifically identify the documents from which the responding party may derive an answer."  Id.; Fed. R. Civ. P. 33(d).  With these considerations in mind, the Court will examine Plaintiffs' answers to interrogatories eight through fourteen.

Interrogatory eight called for Plaintiffs to give details regarding any settlement offers they made to Valley Supply Company in the underlying litigation and any responses received.  It also called for Plaintiffs to identify any documents relating to the requested information.  Plaintiffs responded that the information is contained in documents already provided to defense counsel.  This is insufficient.  Herdlein Tech., Inc., 147 F.R.D. at 105.  It is possible the information sought about the offers and responses can be readily identified from the documents to be produced.  The information sought in the interrogatory does not necessarily call for the exercise of any special judgment.  United Oil Co., 227 F.R.D. at 419.  In that case, Plaintiffs may respond by referring Defendant to specific documents.  Fed. R. Civ. P. 33(d).  However, they must identify the documents with sufficient detail to allow Defendant to easily identify them.  Id. If the pertinent documents do not contain all the information regarding settlement offers and responses in the underlying litigation, Plaintiffs must provide substantive responses.  Id.; Martin, 85 F.R.D. at 315.

Interrogatory nine asked Plaintiffs to identify all documents and communications they "received from Valley Supply Company or its insurers . . . or any other source relating to any insurance coverage or policies that provided coverage or defense or potentially provided coverage or defense for Valley Supply Company for your claims in the Underlying Action." Plaintiffs responded they had already provided this information.  This is an inadequate response. Herdlein Tech., Inc., 147 F.R.D. at 105.  All the information sought in this interrogatory is probably contained in documents and can be easily ascertained from documents.  United Oil Co., 227 F.R.D. at 419.  Therefore, Plaintiffs may respond by identifying the relevant documents with specific detail. Fed. R. Civ. P. 33(d).  However, if any information asked for in the request is not contained in documents, Plaintiffs must provide substantive responses.  Id.; Martin, 85 F.R.D. at 315.

Interrogatory ten asked Plaintiffs to state facts supporting their claim that liability in the underlying action was relatively clear and became certain at one point and to identify related documents.  This factual information requires the special subjective knowledge of Plaintiffs. United Oil Co., 227 F.R.D. at 419.  The only facts Plaintiffs stated were that "Valley Supply admitted its products contained asbestos and intentionally destroyed the documents to cover its tracks.  This information was known shortly after the filing of the lawsuit.  Liability was abundantly clear after Valley Supply conceded liability."  The Court believes this is insufficient and Plaintiffs should be made to supplement their responses.  Plaintiffs do not specify the nature of the documents Valley Supply destroyed, if they know.  They also do not specify the dates any of these events occurred, if they know.  Plaintiffs must specify what they know in written responses.  Id.  Regarding the document request in this interrogatory, Plaintiffs again referred

Defendant to documents already provided.  <u>Herdlein Tech., Inc.</u>, 147 F.R.D. at 105.  Plaintiffs shall identify the documents at issue with specificity.  Fed. R. Civ. P. 33(d).

Interrogatory eleven called for Plaintiffs to state the factual basis for its claim that Defendant violated the West Virginia Unfair Trade Practices Act so as to indicate a general business practice.  It called for Plaintiffs to name specific acts (including dates), the person who Defendant committed these acts against, and the provisions of the West Virginia Code it violated. It also asked Plaintiffs to identify documents related to the response.  The information at issue concerns the subjective knowledge of Plaintiffs as it forms the basis for part of their complaint.  <u>United Oil Co.</u>, 227 F.R.D. at 419.  Plaintiffs responded that Defendant violated a specific West Virginia Code section by failing to respond to Plaintiffs' settlement demands. They also stated Defendant improperly withheld information.  The Court believes this answer is not sufficient.  The answer fails to state the information Plaintiffs requested that Defendant did not provide.  It also omits relevant dates.  Plaintiffs must supplement their answers to include this information.  Plaintiffs responded to the document request that Defendant had already been given the information, which of course is insufficient.  <u>Herdlein Tech., Inc.</u>, 147 F.R.D. at 105. Plaintiffs shall identify the relevant documents with specificity.  Fed. R. Civ. P. 33(d).

Interrogatory twelve asked Plaintiffs to provide information regarding their contention that Defendant conducted an inadequate investigation into the claims involved in the underlying action.  This again calls for the subjective knowledge of Plaintiffs since it asks to know what they consider an inadequate investigation.  <u>United Oil Co.</u>, 227 F.R.D. at 419.  The request also asked Plaintiffs to identify related documents.  Plaintiffs responded that if Defendant had conducted a reasonable investigation, it would have discovered the underlying claims had merit.

They also noted Defendant did not take depositions for "a number of years." This information is insufficient. Plaintiffs do not state what type of investigation would have revealed they had valid claims, except to note Defendant did not take depositions. It is unclear if this is the only step Plaintiffs believe Defendant should have taken. Plaintiffs must supplement their responses to state all measures they believe Defendant should have taken. Plaintiffs made no statement whatsoever regarding the document request in this interrogatory. Plaintiffs shall indicate the pertinent documents with specificity. Fed. R. Civ. P. 33(d).

Interrogatory thirteen asked Plaintiffs to state the facts they claim support their allegation that Defendant acted maliciously and to identify related documents. Plaintiffs responded that they believed Defendant willfully delayed providing insurance policy information and making settlement offers, even though they knew some of the Plaintiffs had health problems. Every allegation must have factual support prior to filing and Defendant may inquire as to those facts. Morris, 448 F.3d at 277; Cable & Computer Tech., 175 F.R.D. at 652. This response has failed to state any facts in answer to the interrogatory. Rather, it merely makes additional allegations. It is therefore insufficient. Furthermore, due to the subjective nature of the allegations at issue, Plaintiffs may not refer Defendant to documents. United Oil Co., 227 F.R.D. at 419. Plaintiffs must provide a written response to this interrogatory that states facts in support of their allegations. Regarding the document request in the interrogatory, Plaintiffs failed to make any response at all. Plaintiffs shall identify the documents at issue with specificity. Fed. R. Civ. P. 36(d).

Interrogatory fourteen asked Plaintiffs if they contended Defendant violated the West Virginia Unfair Trade Practices Act in any way other than failing to reasonably investigate

Plaintiffs' claims and settle the claims earlier than they ultimately settled.  It also asked Plaintiffs

to identify documents relating to the response.  Plaintiffs responded that Defendant did not

provide policy limit information until shortly before trial.  Although this interrogatory certainly

deals with the subjective beliefs of Plaintiffs and therefore requires a written response rather than

merely reference to documents, the statement that Defendant failed to give Plaintiffs policy

information represents such a response.  United Oil Co., 227 F.R.D. at 419.  Therefore, the

written response is adequate.  Plaintiffs shall, however, identify any other violations they allege

to have occurred.  Regarding the document request, Plaintiffs stated they had already given

Defendant the relevant documents.  Again, this is an inadequate response.  Herdlein Tech., Inc.,

147 F.R.D. at 105.  Plaintiffs shall identify the relevant documents with specificity.  Fed. R. Civ.

P. 36(d).

For the foregoing reasons, Defendant's Motion to Compel is GRANTED.  Plaintiffs shall

respond as directed above.  Consistent with Local Rule of Civil Procedure 33.01(c), Plaintiffs

shall have fourteen days from the date of this Order to serve their responses.


## IV.  Decision

Plaintiffs' Motion for a Protective Order is DENIED.  Plaintiff's Motion is untimely and

even if it were not, Plaintiffs have waived any right to object to Defendant's interrogatories by

failing to assert timely objections.  This includes objections based upon privilege.  Defendant's

Motion to Compel Interrogatory Responses is GRANTED.  Plaintiffs shall respond as directed in

this opinion within fourteen days of the date of this Order.

Any party may, within ten (10) days after being served with a copy of this Order, file with

the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.


DATED: January 8, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE