IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY AYERS, KENNETH AYERS,
DYER BENNETT,
LORENA A. BENNETT, Administratrix
for the ESTATE OF JAMES V. BENNETT,
KENNETH BENNETT,
ERMA JoANN BENNETT, Administratrix
for the ESTATE OF ROMMIE BENNETT,
DAVID BERTELLI, JOSEPH BERTELLI,
RONALD B. BOSLEY, RICHARD L. HARRIS,
CECIL ISNER, DON R. JOHNSON, JR.,
LEONARD KERNS, GAILORD KITTLE,
DENNIS E. LAMBERT, FREDDIE H. LOUK,
WILLIAM McCALLISTER, DON McCAULLEY,
THOMAS ROWE, II, GARY ROY, RANDY RUSH,
CARLA J. BARLOW, Executrix for the
ESTATE OF LEWIS L. SCHEITLIN, JAMES SHAFFER,
LINDA C. SHANNON, Executrix for the
ESTATE OF MORRIS SHANNON,
DELMAS SHARP, DONALD H. SHAW,
VERL SIMMONS, LEWIS SUMMERFIELD,
GEORGE K. SWECKER, IRA TAYLOR,
ROBERT TETER, WILLIAM VALENTINE,
DELBERT VANDEVANDER, STEVEN WARNER
and CHRISTINA YANOSIK, Administratrix for
the ESTATE OF WALTER YANOSIK,

    Plaintiffs,

v.                        Civil Action No. 5:05CV95
                                           (STAMP)

CONTINENTAL CASUALTY COMPANY
trading as CNA and
ALLEGHENY INSURANCE COMPANY, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THIS COURT
REGARDING THE DEFENDANT'S RENEWED
MOTION TO STRIKE PLAINTIFFS' EXPERTS,
R. GREGORY McDERMOTT AND JOHN J. MURPHY, JR. AND
DENYING AS MOOT THE DEFENDANT'S FIRST MOTION
TO STRIKE THE PLAINTIFFS' EXPERTS
BECAUSE IT WAS WITHDRAWN BY THE DEFENDANT**

I.  Procedural History

On January 25, 2007, the defendant, Continental Casualty Company ("CCC"), filed a motion to strike the plaintiffs' expert or, in the alternative, to compel adequate expert disclosures and to extend the deadline for CCC's expert disclosure.  This Court held a hearing on February 1, 2007, wherein the Court granted CCC's motion to amend the scheduling order deadlines.  This order extended the submission of the plaintiffs' expert reports until May 7, 2007, thereby granting CCC's alternative request to extend the deadlines for CCC's expert reports.  In its renewed motion to strike the plaintiffs' experts, CCC asserts that its first motion to strike the plaintiffs' experts is withdrawn as moot because the plaintiffs had additional time to supplement their expert disclosures to correct the inadequacy claimed in CCC's motion to strike.  On May 16, 2007, CCC filed a renewed motion to strike the plaintiffs' experts, R. Gregory McDermott and John J. Murphy, Jr., to which the plaintiffs responded and CCC replied.

In its motion, CCC contends that the expert reports filed by R. Gregory McDermott and John J. Murphy, Jr., disclosed on January 5, 2007, failed to comply with the express requirement of Federal Rule of Civil Procedure 26(a)(2)(B) in that they lack the completeness required under the Rule.  In their response to the motion, the plaintiffs assert that they will not call R. Gregory McDermott as an expert witness at trial.  The plaintiffs acknowledge that many of Mr. McDermott's opinions are probably not

admissible pursuant to Jackson v. State Farm Ins. Co., 600 S.E.2d 346 (W. Va. 2004), and that his opinions that are admissible are duplicative of expert, John J. Murphy, Jr.'s opinions. Further, the plaintiffs state that Mr. Murphy's expert report is sufficient, however, the plaintiffs agreed to supplement the report on May 21, 2007. In reply to the plaintiffs' response to CCC's motion, CCC argues that the supplemental expert report, disclosed on May 4, 2007 for expert Mr. Murphy, fails to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Specifically, CCC argues that the expert report: (1) is not the type of report called for by the Rule but rather, on it's face, merely sets forth expected or anticipated testimony, rather than the expert's firm opinion; (2) does not contain a complete statement of the expert's conclusion and the basis and reasons therefore, but rather consists only of conclusory opinions as to the ultimate issues in this civil action; and (3) does not describe the data or other information actually considered by the expert in forming his opinions or to the exhibits to be used to support his opinions.[1]

## IV. Discussion

Federal Rule of Civil Procedure 26(a)(2)(B) provides that an expert witness who is retained or specially employed to provide expert testimony shall prepare a written report signed by such an

---

[1] The only issue being discussed is if this Court should strike the expert opinion of John J. Murphy, Jr. because the plaintiffs stated that they will not use the opinion of R. Gregory McDermott at trial.

expert which must contain a "complete statement" of the following: (a) all opinions to be expressed; (b) the basis for each opinion; (c) the data or other information considered in forming the opinion; (d) any exhibits to be used as a summary or support for the opinions; (e) the qualifications of the witnesses; (f) all publications authored by the expert within the preceding ten years; (g) the compensation to be paid to the expert; and (h) a listing of other cases in which the witness has testified as an expert in the past four years.

At the hearing this Court and the parties were in agreement that the only issue being discussed with respect to CCC's renewed motion to strike the plaintiffs' experts is whether this Court should strike the expert opinion of John J. Murphy, Jr.

As stated at the hearing, this Court has reviewed Murphy's written opinion and while finding that Mr. Murphy has adequately listed his qualifications and a listing of other cases in which he has testified as an expert, his report has not adequately set forth in sufficient detail the other information required under the Rule.

In this Court's view, Mr. Murphy has not set forth, in sufficient detail, the basis for each opinion or the data or other information considered in forming his opinion. Further he has not listed the exhibits, if any, he will be using as a summary of or support for his opinions. It should be pointed out that Rule 26(a)(2)(B) is a broad disclosure requirement and is not limited to matters supporting the expert's opinion but must include, "data or

4

other information considered" b the witness in forming his or her opinion.

Accordingly, with respect to Mr. Murphy's report, his report as presently filed is deemed by this Court to be insufficient and not in compliance with the applicable civil rule.  This Court pronounced at the hearing that the plaintiffs were DIRECTED through Mr. Murphy to file on or before June 29, 2007 a complete report sufficient to comply with Federal Rule of Civil Procedure 26(a)(2)(B).  As stated by this Court, if such a report is appropriately filed, then Mr. Murphy's testimony will not be excluded under Federal Rule of Civil Procedure 37(c)(1).[2]

## V. Conclusion

As pronounced at the hearing, the defendant, Continental Casualty Company's renewed motion to strike the plaintiffs' experts, R. Gregory McDermott and John J. Murphy, Jr.[3] is hereby DENIED at this time as to the expert witness, John C. Murphy, Jr. As further pronounced at the hearing, the defendant, Continental Casualty Company's first motion to strike the plaintiffs' experts[4] is hereby WITHDRAWN by the defendant, Continental Casualty Company and is hereby DENIED AS MOOT.

IT IS SO ORDERED.

---

[2] This Court notes that Mr. Murphy's report was filed with this Court on June 29, 2007.

[3] Document no. 170.

[4] Document no. 115.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   July 3, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE