IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY AYERS, KENNETH AYERS,
DYER BENNETT,
LORENA A. BENNETT, Administratrix
for the ESTATE OF JAMES V. BENNETT,
KENNETH BENNETT,
ERMA JOANN BENNETT, Administratrix
for the ESTATE OF ROMMIE BENNETT,
DAVID BERTELLI, JOSEPH BERTELLI,
RONALD B. BOSLEY, RICHARD L. HARRIS,
CECIL ISNER, DON R. JOHNSON, JR.,
LEONARD KERNS, GAILORD KITTLE,
DENNIS E. LAMBERT, FREDDIE H. LOUK,
WILLIAM McCALLISTER, DON McCAULLEY,
THOMAS ROWE, II, GARY ROY, RANDY RUSH,
CARLA J. BARLOW, Executrix for the
ESTATE OF LEWIS L. SCHEITLIN, JAMES SHAFFER,
LINDA C. SHANNON, Executrix for the
ESTATE OF MORRIS SHANNON,
DELMAS SHARP, DONALD H. SHAW,
VERL SIMMONS, LEWIS SUMMERFIELD,
GEORGE K. SWECKER, IRA TAYLOR,
ROBERT TETER, WILLIAM VALENTINE,
DELBERT VANDEVANDER, STEVEN WARNER
and CHRISTINA YANOSIK, Administratrix for
the ESTATE OF WALTER YANOSIK,

   Plaintiffs,

v.              Civil Action No. 5:05CV95
                    (STAMP)

CONTINENTAL CASUALTY COMPANY
trading as CNA and
ALLEGHENY INSURANCE COMPANY, INC.,

   Defendants.

**<u>MEMORANDUM OPINION AND ORDER CONFIRMING
PRONOUNCED ORDER OF THIS COURT GRANTING
DEFENDANT'S MOTION FOR
LEAVE TO FILE AN AMENDED ANSWER
TO FIRST AMENDED COMPLAINT</u>**

## I. Procedural History

Plaintiffs commenced this action by filing a complaint in the Circuit Court of Ohio County, West Virginia, on April 11, 2005, against the defendants, Continental Casualty Company ("CCC") and Allegheny Insurance Company, Inc. ("Allegheny"), alleging violations of the West Virginia Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33-11-4(9). On July 13, 2005, CCC removed the case to this Court. On February 2, 2006, this Court entered a memorandum opinion and order denying the plaintiffs' motion to remand and granting Allegheny's motion to dismiss.

On December 29, 2006, the plaintiffs filed a motion to amend the complaint, to which CCC responded and the plaintiffs replied. This Court entered a memorandum opinion and order granting the plaintiffs' motion to amend the complaint on February 9, 2007.

On April 26, 2007, CCC filed a motion for leave to file an amended answer to the first amended complaint, to which the plaintiffs responded and CCC replied. Plaintiffs' amended complaint alleges an additional cause of action for fraud against CCC.

CCC's motion for leave to file an amended answer is now fully briefed and ripe for review. After considering the parties' memoranda and the applicable law, this Court finds that CCC's motion for leave to file an amended answer should be granted.

II. Facts

This action stems from litigation initiated by the plaintiffs in the Circuit Court of Ohio County, West Virginia. The complaint in the underlying state court action asserted claims against Valley Supply Company for allegedly exposing the plaintiffs to asbestos fibers. At the time of these events, Valley Supply Company was insured by CCC. The underlying state court action proceeded to trial and a verdict was rendered. Plaintiffs in this civil action allege that the verdict in the underlying action was "approximately 7.2 million dollars." (Compl. ¶ 13.)

the plaintiffs then filed a complaint, which was later removed to this Court, alleging that Allegheny and CCC violated the UTPA, West Virginia Code § 33-11-4(9), and various West Virginia insurance regulations. In their complaint, the plaintiffs assert that Valley Supply Company was insured by CCC and that CCC obtained the insurance through Allegheny. On February 9, 2007, the plaintiffs filed their amended complaint to assert an additional cause of action for fraud against CCC.

Plaintiffs seek compensatory damages, punitive damages, pre-judgment interest and post-judgment interest and attorney's fees and costs.

III. <u>Applicable Law</u>

Federal Rule of Civil Procedure 15(a) applies to parties seeking to amend their pleadings. This rule states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(a) grants the court broad discretion, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987); <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049, 1052 (4th Cir. 1984).

IV. <u>Discussion</u>

CCC seeks to amend its answer pursuant to Federal Rule of Civil Procedure 15 and this Court's second amended scheduling order, dated February 2, 2007. Specifically, CCC seeks to amend its answer to add a new affirmative defense, listed as number 21 in its amended answer, which states that the "Plaintiffs' claims under the UTPA and the West Virginia Insurance Regulations are barred, or

4

are at a minimum premature, because Plaintiffs have not exhausted administrative remedies that are or have been available to them." (CCC's Mot. to File an Am. Answer to Am. Compl. at 3.)

In response, the plaintiffs argue that they would be prejudiced if the Court were to permit CCC's proposed amendment to its answer. The plaintiffs assert that CCC did not raise the affirmative defense in their answer to the original complaint or their answer to the plaintiffs' first amended complaint, but instead waited until "nearly the end of the case" to "surprise Plaintiffs with a defense that could have raised in its original Answer." (Pls.' Resp. at 3.)

In applying Rule 15(a), the United States Court of Appeals for the Fourth Circuit has stated that the district court is in the best position "to determine whether the motion for leave to amend was unduly delayed [or] whether granting the motion would result in undue prejudice." In re Jeffrey Bigelow Design Group, Inc., 956 F.2d 479, 483 (4th Cir. 1992). In addition, the Fourth Circuit has found no clear error where a district court allowed a defendant to amend the answer and assert affirmative defenses not plead in the original answer. See Bireline v. Seagondollar, 567 F.2d 260, 262 (4th Cir. 1977)(allowing defendants to amend their answer to allege a statute of limitations bar to plaintiff's cause of action); see also Smallwood v. United Airlines, Inc., 661 F.2d 303, 306 (4th Cir. 1981)(finding no merit to plaintiff's objection to allowing

5

defendant to amend answer and assert an affirmative defense 50 days after filing the initial answer).

After considering the parties' arguments, this Court finds that CCC's motion for leave to file an amended answer should be granted. First, this Court finds that CCC's motion is timely. According to the second amended scheduling order, the parties must file any motions for leave to file amendments to the pleadings by April 30, 2007. CCC filed its motion on April 26, 2007. Thus, CCC's motion was timely filed.

Next, this Court finds that the plaintiffs will not be unduly prejudiced if the amendment is permitted. Plaintiffs argue that they would be unduly prejudiced if CCC is allowed to amend its answer because more than two years have elapsed since the original complaint was filed. This Court notes that while the plaintiffs are correct in their statement, they fail to state that CCC requests to file a timely amended answer to the plaintiffs' amended complaint, which was filed on February 9, 2007. Further, the Fourth Circuit has held that "[d]elay alone . . ., without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). Thus, the plaintiffs suggestion of dilatory motive, standing alone, is insufficient to justify denial of CCC's motion.

Finally, this Court finds no evidence that CCC acted in bad

faith nor have the plaintiffs provided any evidence that CCC has acted in bad faith.

Based on the above findings, this Court concludes that, in the interests of justice, CCC's motion for leave to file an amended answer should be granted.

## V. Conclusion

For the reasons stated above, the defendant, Continental Casualty Company's motion for leave to file an amended answer is hereby GRANTED. The Clerk is DIRECTED to file the amended answer that was submitted with the defendant, Continental Casualty Company's motion. (Doc. No. 157, Attach. 2.)

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: July 3, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE