IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY AYERS, KENNETH AYERS,
DYER BENNETT,
LORENA A. BENNETT, Administratrix
for the ESTATE OF JAMES V. BENNETT,
KENNETH BENNETT,
ERMA JOANN BENNETT, Administratrix
for the ESTATE OF ROMMIE BENNETT,
DAVID BERTELLI, JOSEPH BERTELLI,
RONALD B. BOSLEY, RICHARD L. HARRIS,
CECIL ISNER, DON R. JOHNSON, JR.,
LEONARD KERNS, GAILORD KITTLE,
DENNIS E. LAMBERT, FREDDIE H. LOUK,
WILLIAM McCALLISTER, DON McCAULLEY,
THOMAS ROWE, II, GARY ROY, RANDY RUSH,
CARLA J. BARLOW, Executrix for the
ESTATE OF LEWIS L. SCHEITLIN, JAMES SHAFFER,
LINDA C. SHANNON, Executrix for the
ESTATE OF MORRIS SHANNON,
DELMAS SHARP, DONALD H. SHAW,
VERL SIMMONS, LEWIS SUMMERFIELD,
GEORGE K. SWECKER, IRA TAYLOR,
ROBERT TETER, WILLIAM VALENTINE,
DELBERT VANDEVANDER, STEVEN WARNER
and CHRISTINA YANOSIK, Administratrix for
the ESTATE OF WALTER YANOSIK,

     Plaintiffs,

v.                                                      Civil Action No. 5:05CV95
                                                                   (STAMP)

CONTINENTAL CASUALTY COMPANY
trading as CNA and
ALLEGHENY INSURANCE COMPANY, INC.,

     Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND TO ENLARGE THE NUMBER OF ALLOWABLE DEPOSITIONS
AND OVERRULING THE DEFENDANT'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER**

## I. Procedural History

On April 12, 2007, the defendant, Continental Casualty Company ("CCC"), filed a motion to compel the production of documents and to enlarge the number of allowable depositions, to which the plaintiffs responded and CCC replied. The motion was referred to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636(b)(1)(A). On May 3, 2007, Magistrate Judge Seibert held an evidentiary hearing and argument on the motion.

The magistrate judge entered a memorandum opinion and order denying the defendant's motion to compel production of documents and to enlarge the number of allowable depositions. On July 9, 2007, CCC filed objections to the magistrate judge's order.

For the reasons set forth below, this Court finds that the magistrate judge's memorandum opinion and order denying the defendant's motion to compel production of documents and to enlarge the number of allowable depositions must be affirmed and adopted. Accordingly, CCC's motion to compel production of documents and to enlarge the number of allowable depositions must be denied and CCC's objections to Magistrate Judge Seibert's order must be overruled.

## II. Applicable Law

Where a district judge has referred a non-dispositive motion to a magistrate judge for disposition, "[t]he district judge to whom the case is assigned shall consider . . . objections and shall

modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see e.g. Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299, 304 (E.D. Va. 2004). The clearly erroneous standard means:

> [A] court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable.

Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999), accord, Neighborhood Development Collaborative v. Murphy, 233 F.R.D. 436, 440 (D. Md. 2005)(citing Tri-Star). In other words, "the magistrate judge's order must be affirmed unless, after review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Giganti, 222 F.R.D. at 305 (citation and internal punctuation omitted).

### III. Discussion

In its motion to compel, CCC contends that the plaintiffs should be compelled to sign medical releases for their original chest x-rays in the underlying state court litigation. CCC asserts that those x-rays will provide information on whether the plaintiffs' claims in the underlying action were legitimate. CCC also urges the Court to allow it to depose the remaining persons

3

who signed affidavits in the underlying litigation. CCC points out three of those persons have disavowed their affidavits and if the remaining persons also disavow their affidavits, it will provide powerful evidence of fraud in the underlying claims.

Plaintiffs assert that there is no basis under Federal Rule of Civil Procedure 34 ("Rule 34") to compel their signatures on the medical release forms. Plaintiffs contend that CCC may not obtain the release forms due to collateral estoppel since the issue of liability was decided in the underlying litigation. Plaintiffs also assert that CCC should have obtained the x-rays in the underlying litigation and now has no basis to complain about its lack of information. Plaintiffs argue that CCC should not be allowed to take additional depositions because it has failed to diligently pursue its ability to take them. Further, the plaintiffs assert that the Local Rules of Civil Procedure do not permit a grant of additional depositions until all available depositions have been exhausted, which they assert have not been in this civil action. Finally, the plaintiffs state that allowing the extra depositions will be excessive and burdensome on the plaintiffs.

The magistrate judge denied CCC's motion to compel production of documents and to enlarge the number of allowable depositions. In its objections to the magistrate judge's order, CCC contends that: (1) this Court should set aside the magistrate judge's order

4

denying CCC's motion to compel; (2) the plaintiffs should be required to provide CCC with medical releases that would permit CCC to obtain the plaintiffs' chest x-rays; and (3) CCC should be permitted to depose the remaining product identification affiants. This Court finds that the magistrate judge's order was not clearly erroneous and CCC's objections must be overruled for the reasons stated below.

A.  Collateral Estoppel

The first issue this Court will discuss is whether collateral estoppel applies to this civil action to bar CCC from obtaining the plaintiffs' chest x-rays. In their response to CCC's motion to compel, the plaintiffs assert that CCC is trying to litigate the issue of whether the plaintiffs have asbestos related medical conditions, which was the issue in the underlying action. Plaintiffs argue that the issue is settled because the underlying action ended in a judgment for the plaintiffs. Plaintiffs also contend that collateral estoppel applies because CCC had medical releases in the underlying action, but chose not to utilize them. CCC contends that since the underlying action was settled, the issue of the plaintiffs' medical conditions was never litigated, and thus it cannot serve as the basis for collateral estoppel. CCC also notes that the trial in the underlying action was set for two phases. The first phase would have dealt with whether CCC's insured supplied defective products. Then, only if the insured was

5

found to have supplied defective products would the second phase have been held. The second phase would have dealt with medical issues and would have determined a calculation of damages. CCC further contends that the plaintiffs' assertion that medical releases were provided in the underlying litigation is untrue. CCC contends that only three of the current plaintiffs provided such releases.

This Court shall use the law of the state to determine if preclusion applies. Dionne v. Mayor and City Council of Baltimore, 40 F.3d 677, 682 (4th Cir. 1994). "Collateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Holloman v. Nationwide Mut. Ins. Co., 617 S.E.2d 816, 821 (W. Va. 2005)(quoting Dodrill v. Nationwide Mut. Ins. Co., 491 S.E.2d 1, syl. pt. 2, in part (W. Va. 1996)). The West Virginia Supreme Court of Appeals has held that issue preclusion applies where four conditions are shown:

> (1) the issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is involved was party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Arnold Agency v. West Virginia Lottery Comm'n, 526 S.E.2d 814, 827 (W. Va. 1999)(quoting State v. Miller, 459 S.E.2d 114, syl. pt. 1

6

(W. Va. 1995). The determination of the issue in the prior proceeding must have been "essential to the judgment" for issue preclusion to apply. Rowe v. Grapevine Corp., 527 S.E.2d 814, 821 (W. Va. 1999).

In Meadows v. Wal-Mart Stores, 530 S.E.2d 676, 694 (W. Va. 1999), the court held that issue preclusion does not apply to consent judgments. The court stated that a consent judgment "simply does not constitute a final adjudication of the merits which is demanded by our collateral estoppel rule." Id. Issue preclusion only applies where the parties' agreement makes an express statement regarding a matter or states issue preclusion should apply. Id. at 222.

In the present civil action, this Court finds that collateral estoppel does not bar CCC from seeking to obtain the plaintiffs' medical records. The parties in the underlying action settled that action before trial. It was agreed upon by the parties that the total payment for all the plaintiffs would not exceed the designated amount. Under the agreement, CCC's insured made a settlement offer to each of the individual plaintiffs. The plaintiffs who accepted the settlement offer received their settlement money. On the other hand, the plaintiffs who did not accept the offer received a trial on damages. The trial on damages was not a true trial since it was only to determine the percentages of the remaining settlement money the non-settling plaintiffs would

7

receive. CCC's insured did not participate since it had no interest in the outcome. The parties' settlement agreement and settlement trial pose no collateral estoppel issues to this civil action under West Virginia law.

B.  Motion to Compel Medical Records Under Federal Rule of Civil Procedure 34

First, this Court finds no merit in the plaintiffs' argument that they have been prejudiced by CCC's failure to seek the medical records until this time. Plaintiffs argue that a person who prevents something from occurring may not complain of its non-occurrence. Specifically, the plaintiffs assert that the medical records should have been obtained in the underlying action. As mentioned above, the underlying state court proceedings concerned issues regarding whether CCC's insured sold defective products and the liability to those persons affected by any defective product. It was understandable that CCC's insured did not conduct extensive discovery regarding medical liability after phase one of the trial. The underlying case settled before phase one of the trial could occur. For these reasons, this Court finds no reason to bar discovery on this ground.

Having dealt with the plaintiffs' preliminary assertions, this Court now turns to the merits of the issue regarding whether the plaintiffs should be compelled to provide medical releases for their chest x-rays. The magistrate judge found that CCC's motion

to compel under Rule 34 is not the appropriate Rule to employ under the circumstances of this civil action. The magistrate judge found that the appropriate means for CCC to secure the requested medical documents is under Federal Rule of Civil Procedure 45. CCC filed objections to the magistrate judge's order stating that Rule 34 is the appropriate means to compel the plaintiffs' medical releases because the plaintiffs have control over their medical records pursuant to <u>Clark v. Vega Wholesale, Inc.</u>, 181 F.R.D. 470 (D. Nev. 1988). This Court disagrees with CCC's objections and finds that the magistrate judge's order denying CCC's motion to compel the x-rays is not clearly erroneous.

Pursuant to Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Under Federal Rule of Civil Procedure 34, a party seeking discovery may serve a request on another party asking him to permit the requesting party "to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).

There exists a division among courts about whether a court may order a party to provide a medical records release under Rule 34. The first view mainly looks to the plain language of Rule 34 to conclude that the records not in the possession of the served party are not available. Courts have also found that Rule 34 does not permit it to order a party's signature on a medical release form. The second view generally permits an order compelling a signature on a release form when a party has placed their medical records at issue in a case. In <u>Clark v. Vega Wholesale, Inc.</u>, 181 F.R.D. 470, 472 (D. Nev. 1998), the court denied a request to compel a medical release because the relevant documents were not in the served party's possession. The court noted that Rule 34 "requires that a party upon whom the request is served must be in possession, custody, or control of the requested item." <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 34(a). In <u>Clark</u>, 181 F.R.D. at 472, it was not disputed that the served party did not have actual possession of the materials. While the court stated that as long as a person has a legal right of control over something, he possesses it for purposes of Rule 34, it held that the relationship between a patient and a physician is insufficient to establish legal control. <u>Id.</u> The court found that Rule 34 was not the appropriate means to secure the medical documents and that the "[p]roper use of the Federal Rules of Civil Procedure will allow for production of the medical records in the possession of physicians, hospitals, and other

medical care providers." Id. The court bolstered this finding by citing Neal v. Boulder, 142 F.R.D. 325, 327 (D. Colo. 1992), and Greene v. Sears, Roebuck & Co., 40 F.R.D. 14, 16 (N.D. Ohio 1966). In Neal and Greene, both courts found that the records in the care of a physician were not in the control of the patient for Rule 34 purposes.

In Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535, 540 (D. Kan. 2006), the court evaluated the proper way to obtain records held by another person. In Johnson, a party sought to compel a release form to obtain tax records from a third party. Id. The court held that it found no language in Rule 34 to permit it to compel a signature on a release form. Id. The court stated that the proper way to obtain documents from a party outside the litigation was to serve a subpoena under Rule 45. Id. Only after production in response to the subpoena was denied would the court consider ordering a signature on a release form. Id.

On the other hand, a number of courts have held that Rule 34 permits a court to compel a party to sign a release form where the party has placed the topic of the documents involved in the release at issue. In Adams v. Ardcor, 196 F.R.D. 339, 344 (E.D. Wis. 2000), the plaintiff intended to call an expert witness regarding his alleged emotional distress. The court determined that this waived any privilege regarding psychological records and so ordered the plaintiff to sign a medical release. Id. Similarly, in Sarko

v. Penn-Del Directory Co., 170 F.R.D. 127, 131 (E.D. Pa. 1997), the court held that since the plaintiff made specific allegations regarding her medical condition, she could not claim a privilege for the records dealing with that condition. The court ordered the plaintiff to sign a release. Id. Several other courts have employed similar reasoning to order parties to sign release forms. See e.g. Williams v. NPC Int'l, Inc., 224 F.R.D. 612, 613 (N.D. Miss. 2004); Smith v. Logansport Community Sch. Corp., 139 F.R.D. 637, 649 (N.D. Ind. 1991).

This Court agrees with the reasoning of Clark and the other courts that have found that Rule 34 requires an item in a request for production of documents to be in the possession, custody or control of the served party and that medical records held by a physician do not meet this description. The plain language of Rule 34 provides that a request for production of documents must involve items "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). There is no provision in Rule 34 for requesting from a party documents that are possessed by another person. While a patient may be able to request medical records from a physician, the records are not sufficiently within the patient's control to qualify under Rule 34. Clark, 181 F.R.D. at 472.

In this civil action, if CCC wanted to obtain the x-rays at issue, it could have timely served a subpoena under Rule 45. Rule

34 states that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Fed. R. Civ. P. 34(c). Although it is unclear who currently holds the plaintiffs' x-rays, it appears likely that they are not in the possession of the plaintiffs. If the production of the documents was refused, then CCC could have properly brought a motion before this Court. <u>Johnson</u>, 236 F.R.D. at 540.

For the reasons stated above, this Court finds that the magistrate judge's order is not clearly erroneous and CCC's objections must be overruled. Accordingly, CCC's motion to compel regarding the chest x-rays must be denied.

C.  <u>Permission to Take Additional Depositions</u>

In its motion to compel, CCC asserts that it should be able to take additional depositions to help it prove its defense of fraud. CCC states that in the underlying state court action, the plaintiffs submitted twenty seven affidavits stating that Valley Supply sold asbestos containing products. Yet three of those plaintiffs, who are also plaintiffs in this action, later denied the substance of the affidavits during their depositions. CCC contends that this shows evidence of fraud, and thus asks this Court to permit additional depositions so that they may depose the remaining twenty four affiants who are not parties to this action. Plaintiffs assert that CCC's request should be denied because CCC

has been "slothful" in seeking the additional depositions. Plaintiffs also contend that the Local Rules only permit additional depositions after a party exhausts its allotted number of depositions. Plaintiffs state that this motion is not ripe for review because CCC has taken only one non-party deposition when it is entitled to take ten non-party depositions. The magistrate judge found that CCC had ample opportunity to take the additional depositions. Accordingly, the magistrate judge denied CCC's motion to compel with respect to CCC taking the additional depositions. In its objections, CCC contends that the magistrate judge's order is clearly erroneous because it ignores CCC's demonstrable diligence. Further, CCC asserts that the magistrate judge relied on an incorrect legal standard for evaluating its diligence. This Court finds that the magistrate judge's order is not clearly erroneous and that CCC was not diligent in attempting to take the additional depositions.

This Court's scheduling order provided that "[t]he preemptive limitations on discovery under Federal Rule of Civil Procedure 26(a)(5)(i.e., numbers of interrogatories, requests for admission, and depositions) set out in Local Rule of Civil Procedure 26.01(c) apply to this action unless stipulated to by the parties and agreed to by the Court or otherwise ordered." Federal Rule of Civil Procedure 26(a)(5) simply provides in relevant part that depositions are an appropriate tool for discovery. Local Rule of

14

Civil Procedure 26.01(c) states that all plaintiffs and defendants are limited to ten depositions. Federal Rule of Civil Procedure 30 also speaks of limitations on the number of depositions parties may take. Rule 30 provides that where a deposition would result in a party taking more than ten depositions, the deposing party "must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2)(c) states that when considering whether to allow extra depositions, courts should consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Local Rule of Civil Procedure 26.01(d) further supplements this Court's consideration. Rule 26.01(d) provides that a party seeking discovery in addition to the default amount provided under the Rules should make a motion after other opportunities "have been exhausted." L. R. Civ. P. 26.01(d).

The law is clear that a party's lack of diligence in pursuing discovery represents a ground for refusing to deviate from the default of the Rules. In <u>Walls v. General Motors, Inc.</u>, 906 F.2d 143, 147 (5th Cir. 1990), the court stated that since a party "had

15

ample time and sufficient opportunities to conduct the discovery procedures which he complains were denied him," he could not complain about the district court's failure to prolong discovery. Other courts have also held that the diligence of the moving party is key in the context of modifying scheduling orders. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).

In this civil action, this Court finds that the record demonstrates that CCC has failed to exhibit the necessary diligence to warrant a grant of additional depositions at this late stage of litigation. CCC has known about the affidavits of the persons it seeks to depose since February 2004, when the underlying state court litigation was still proceeding. This case was removed to this Court in July 2005. On September 1, 2005, the district court entered a scheduling order providing that discovery shall be completed by July 2006. In June 2006, a new scheduling order was entered providing for discovery to end in March 2007. CCC took depositions from the three persons it asserts disclaimed their affidavits from the underlying action between December 11 and 12, 2006. At this point in the litigation, CCC knew the deponents disclaimed their affidavits. However, CCC did not raise the issue of deposing all of the plaintiffs who provided affidavits in the underlying state court action to the plaintiffs' counsel until March 13, 2007, which was three months after the three depositions were taken. Plaintiffs stated, in two letters dated March 15 and

16

March 16, 2007, that they would agree to allowing CCC to take only a limited number of depositions. Then, CCC waited nearly another month, until April 13, 2007, to file a motion to compel. This Court believes that CCC could have filed a motion to compel extra depositions significantly earlier than it did. If CCC had acted promptly on the information obtained from the December 2006 depositions, it could have conferred with the plaintiffs in December and perhaps even filed a motion to compel before 2007. CCC could have at least filed such a motion by January 2007. Instead, CCC waited three more months, until April 13, 2007, to file such a motion. This Court finds that CCC had ample opportunity to seek these depositions prior to March 13, 2007, when CCC first raised the issue of deposing the additional plaintiffs, and definitely before April 13, 2007, when CCC filed its motion to compel.

Because this Court finds that the magistrate judge's order is not clearly erroneous and that CCC had ample opportunity to seek these depositions at an earlier date than it did, CCC's motion to compel additional depositions must be denied. Accordingly, CCC's objections to the magistrate judge's order denying its motion to compel additional depositions must be overruled.

## IV. Conclusion

For the reasons stated above, this Court finds that Magistrate Judge Seibert's order denying the defendant, Continental Casualty

17

Company's motion to compel production of documents to enlarge the number of allowable depositions is not clearly erroneous or contrary to law.  Accordingly, Magistrate Judge Seibert's order is hereby AFFIRMED and ADOPTED and the defendant, Continental Casualty Company's objections to Magistrate Judge Seibert's order are hereby OVERRULED.  Based upon these findings, the defendant, Continental Casualty Company's motion to compel production of documents and to enlarge the number of allowable depositions is hereby DENIED.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

    DATED:    July 25, 2007


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE