IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY AYERS, KENNETH AYERS,
DYER BENNETT,
LORENA A. BENNETT, Administratrix
for the ESTATE OF JAMES V. BENNETT,
KENNETH BENNETT,
ERMA JOANN BENNETT, Administratrix
for the ESTATE OF ROMMIE BENNETT,
DAVID BERTELLI, JOSEPH BERTELLI,
RONALD B. BOSLEY, RICHARD L. HARRIS,
CECIL ISNER, DON R. JOHNSON, JR.,
LEONARD KERNS, GAILORD KITTLE,
DENNIS E. LAMBERT, FREDDIE H. LOUK,
WILLIAM McCALLISTER, DON McCAULLEY,
THOMAS ROWE, II, GARY ROY, RANDY RUSH,
CARLA J. BARLOW, Executrix for the
ESTATE OF LEWIS L. SCHEITLIN, JAMES SHAFFER,
LINDA C. SHANNON, Executrix for the
ESTATE OF MORRIS SHANNON,
DELMAS SHARP, DONALD H. SHAW,
VERL SIMMONS, LEWIS SUMMERFIELD,
GEORGE K. SWECKER, IRA TAYLOR,
ROBERT TETER, WILLIAM VALENTINE,
DELBERT VANDEVANDER, STEVEN WARNER
and CHRISTINA YANOSIK, Administratrix for
the ESTATE OF WALTER YANOSIK,

     Plaintiffs,

v.                                               Civil Action No. 5:05CV95
                                                           (STAMP)

CONTINENTAL CASUALTY COMPANY
trading as CNA and
ALLEGHENY INSURANCE COMPANY, INC.,

     Defendants.

## ORDER SCHEDULING MEDIATION

It appearing that the above-styled civil action would benefit from pre-trial mediation, it is ORDERED that this civil action be, and the same is hereby, scheduled for mediation on **September 25, 2007 at 8:30 a.m.** in the chambers of United States District Judge

Frederick P. Stamp, Jr. at the Federal Courthouse in Wheeling, West Virginia.  The parties by counsel have agreed, at a hearing conducted on September 19, 2007, as to the date and time of this mediation.  The parties or their representatives, fully authorized to make final and binding decisions on behalf of the principals MUST BE PRESENT in person or by telephone.  It is understood that counsel for the 35 plaintiffs will endeavor to have the plaintiffs available by telephone but that, in any event, counsel should have full settlement authority.  "Full settlement authority" means:

> (a) for a defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to plaintiff's last demand; (b) for a plaintiff, such representative must have final authority, in the representative's own discretion to accept a settlement amount down to defendant's last offer; (c) for a client which is controlled by a group, like a board of directors or a claims committee, the representative must have the authority to settle for the group as described above; (d) for an insurance company with a defense or indemnity obligation, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower; (e) for an insurance company, with a subrogation interest in the recovery of a party, the representative must have final settlement authority to commit the company to settle, in the representatives.  Counsel for the parties MAY serve as such representative as to any person who cannot possibly appear by telephone but such counsel shall have full settlement authority.

All counsel and parties shall be prepared to negotiate openly and knowledgeably concerning the issues of the civil action in a mutual effort to reach a fair and reasonable settlement.  Failure

2

of any party or counsel to participate in good faith will be immediately considered by the presiding judge, who is conducting this mediation. See Fed. R. Civ. P. 16(f).

Settlement discussions will be off the record subject to Federal Rule of Evidence 408, and held in strictest confidence. The Mediator will not disclose any of the information divulged by any of the parties or counsel during the settlement discussions unless specifically authorized to do so by that party or counsel. See Fiberglass Insulators, Inc. v. Dupuy, 856 F.2d 652 (4th Cir. 1988); see also Local Court Rule Article 5, LR Civ P 16.06.

The Clerk is directed to transmit copies of this order to counsel of record herein.

DATED: September 19, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE